IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN,<br>Plaintiff,<br><br>v.<br><br>DAVID NICHOLS and<br>MICHAEL KEMPF,<br>Defendants. | Case No. 18–CV–00997–JPG–MAB |

**ORDER**

**I.  INTRODUCTION**

This is a prisoner civil-rights action under 42 U.S.C. § 1983. Before the Court is Magistrate Judge Mark A. Beatty's Report and Recommendation (R&R). (ECF No. 48). Magistrate Judge Beatty recommends that this Court grant Defendants David Nichols and Michael Kempf's Motion for Summary Judgment. (ECF No. 18). Plaintiff objected. (ECF No. 50). The Court reviewed the R&R de novo and agrees with Magistrate Judge Beatty.

**II.  PROCEDURAL & FACTUAL HISTORY**

In April 2018, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 1). The case was severed, and Plaintiff Antrell Teen proceeded in this action with the following two claims: (1) "First Amendment retaliation against Defendant Nichols for opening and reading Plaintiff's legal mail, after Plaintiff attempted to file case(s) in court while Plaintiff was housed on AB-Block" (Count 4); and (2) "First Amendment retaliation claim, against Defendants Kempf and Nichols for allowing a mentally ill detainee to remain improperly house in L-Block in February 2018, resulting in injury to Plaintiff" (Count 10). (ECF No. 48 at 1–2).

Defendants motioned for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies, a pre-requisite to suit. In response to Defendants' Motion, Plaintiff conceded that he failed to exhaust his administrative remedies with respect to Count 4. (ECF No. 27

at 1). Plaintiff also conceded in a separate filing that he "did not exhaust the administrative remedies prior to filing this suit." (ECF No. 17). However, Plaintiff argued that the latter filing referred only to Count 4. Plaintiff also suggested that he did not know that the case was proceeding on both counts. Magistrate Judge Beatty conducted an evidentiary hearing and heard testimony from three witnesses that described the complaint procedure. Based on this information, Magistrate Judge Beatty recommends that the Court grant Defendants' Motion for Summary Judgment on both counts. (ECF No. 48).

### III. LAW & ANALYSIS

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of a magistrate judge in a R&R. FED. R. CIV. P. 72(b)(3). The Court must review de novo the portions of the R&R to which objections are made. Id.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A "genuine dispute" exists when a rational factfinder, considering the evidence in the summary judgment record, could find in favor of the non-moving party. See Ricci v. DeStefano, 557 U.S. 557, 587 (2009). Accordingly, a dispute is genuine where there is a real basis for it in the evidentiary record. A genuine dispute is not created by simply positing a factual scenario that is plainly contradicted by the summary judgment record. Scott v. Harris, 550 U.S. 372, 380 (2007). The moving party can meet is burden by pointing out for the Court an absence of evidence in support of the non-moving party's claims. Spierer v. Rossman, 798 F.3d 502, 508 (7th Cir. 2015). Conversely, the non-moving party is not saved by mere allegations or denials. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 411–12 (2013).

Generally, the Court may not weight the evidence to resolve factual disputes or make credibility determinations; it must only determine whether there is a genuine issue for trial. Hasan v. Foley & Lardner LLP, 552 F.3d 520, 526 (7th Cir. 2008). That rule, however, does not apply in prisoner

cases where exhaustion is contested, and the Court may conduct a hearing to determine whether exhaustion occurred or whether it is excused. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008); see also 42 U.S.C. §1997e(a) (prohibiting prisoners from filing suit under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted").

Plaintiff does not object to Magistrate Judge Beatty's recommendation that the Court grant summary judgment with respect to Count 4. Rather, Plaintiff contends that his initial concession that he failed to exhaust his administrative remedies referred only to Count 4—not Count 10. Specifically, Plaintiff argues that his failure to exhaust with respect to Count 10 should be excused because his attempts to file an administrative complaint were frustrated by jail officials. Magistrate Judge Beatty conducted an evidentiary hearing pursuant to Pavey and determined that Plaintiff's arguments lacked merit. The Court agrees.

Plaintiff's contention that jail officials thwarted his efforts to exhaust his administrative remedies lacks support in the record. During the Pavey hearing, Magistrate Judge Beatty heard testimony from jail officials that outlined the grievance procedure. Plaintiff acknowledges that he is aware of the procedure but argues that "lost and vanished complaints have prevented inmates . . . from exhausting the administrative remedies described in the jail's rulebook." (ECF No. 50 at 2). As Magistrate Judge Beatty noted, however, Plaintiff has filed over a dozen suits in this Court since 2018 that have survived the exhaustion inquiry. Defendant Nichols testified that complaints are processed "no matter how trivial." Captain Shane Collins also testified that Plaintiff has submitted 48 complaints. Plaintiff provides no basis for the Court to infer that the complaint that he allegedly submitted with respect to Count 10 was a target for mistreatment. Moreover, Plaintiff's argument that he did not know that the case was proceeding on Count 10 flies in the face of the record. In recommending that the Court grant Defendants' Motion for Summary Judgment, Magistrate Judge Beatty properly weighed the evidence and made appropriate credibility determinations.

## IV. CONCLUSION

The Court reviewed the R&R de novo and agrees with Magistrate Judge Beatty. Accordingly, the Court **ADOPTS** the R&R **IN ITS ENTIRETY**, **GRANTS** Defendants' Motion for Summary Judgments, and **DISMISSES** Defendants **WITHOUT PREJUDICE**. The Court also **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** on the case.

**SO ORDERED.**

**Dated: Monday, November 4, 2019**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**